**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID MORALES, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| | ) Case No. |
| Plaintiff, | ) |
| v. | ) |
| | ) Judge |
| | ) |
| MANGIA FRESCA, INC., and PAUL IMPALLARIA, individually, | ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff David Morales, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendants Mangia Fresca, Inc., and Paul Impallaria, individually, (hereinafter "Defendants") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks. Plaintiff also brings individual claims under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA") for Defendants' failure to compensate Plaintiff for all time worked. A copy of Plaintiff's consent form to act as a representative Plaintiff in this FLSA collective action is attached hereto as Exhibit A.

**THE PARTIES**

2.      Plaintiff David Morales resides in and is domiciled within this judicial district.

3.      In the prior three years, Plaintiff was employed by Defendants as an "employee" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

4.      During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. § 207.

5.      During the course of his employment, Plaintiff engaged in commerce and handled goods, including food products and other supplies, which moved in and were produced in interstate commerce.

6.      Defendant Mangia Fresca, Inc., is an Illinois corporation doing business within this judicial district. Defendant Mangia Fresca is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

7.      Defendant, Paul Impallaria is an owner and shareholder of Mangia Fresca, Inc., and is involved in the day to day business operation of Mangia Fresca, Inc.  Among other things, Defendant Paul Impallaria hires and fires employees, directs and supervises the work of employees, signs on the corporation's checking accounts, including payroll accounts, and participates in decisions regarding employee compensation and capital expenditures.

8.      Defendants were Plaintiff's "employer(s)" within the meaning of 820 ILCS 105/3 of the IMWL and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

2

9.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §
1331, rising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and
events giving rise to Plaintiff's claims occurred in this judicial district. This Court has
supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Plaintiff on his own behalf and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 9 of this Complaint, as if
fully set forth herein.

10.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29
U.S.C. § 201 *et seq*., for Defendants' failure to pay overtime wages to Plaintiff for all time he
worked in excess of forty (40) hours per week.

11.     Plaintiff was regularly directed by Defendants to work, and did so work, in excess
of forty (40) hours per week.

12.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess
of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular
rate of pay.

13.     Defendants denied Plaintiff and other similarly situated persons, overtime wages
by paying their employees either part in check and part in cash or all hours paid in cash at their
straight time regular rate of pay.

14.      Defendants did not compensate Plaintiff at a rate of one and one-half times his
regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.
Instead, Defendants compensated Plaintiff his regular rate of pay for all time worked, including
time worked in excess of forty (40) hours per week.

3

15.     Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

16.     Defendants' failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

17.     Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work performed in excess of forty (40) hours per week.

18.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all time which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

19.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

4

20. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

21. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

22. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

23. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

24. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### (Plaintiff individually only)

5

Plaintiff hereby realleges and incorporates paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

25.     Defendants were Plaintiff's "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq*., and Plaintiff was Defendants' "employee" within the meaning of that Act.

26.     Defendants agreed to compensate Plaintiff for his work at his regular hourly rate, as agreed to by the parties.

27.     Defendants failed to compensate Plaintiff for his last two weeks of employment at the rate agreed to by the parties in violation of the IWPCA.

28.     Defendants violated the IWPCA by refusing to compensate Plaintiff for all time he worked for Defendant.

29.     Plaintiff has been damaged by Defendants' failure to compensate him for all time he worked at the rate agreed to by the parties.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all back wages due, as provided by the IWPCA;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.      An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

D.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  July 8, 2015

s/Douglas M. Werman
Douglas M. Werman—dwerman@flsalaw.com
Maureen A. Salas—msalas@flsalaw.com
Sarah J. Arendt—sarendt@flsalaw.com
Zachary C. Flowerree-zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

Attorneys for Plaintiff